IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30242-hcm |
| J.A.R. CONCRETE, INC., | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**AGREED MOTION RELIEF FROM AUTOMATIC STAY, OR ALTERNATIVELY, MOTION FOR ADEQUATE PROTECTION REGARDING 2013 FORD WATER TRUCK**

**This pleading requests relief that may be adverse to your interests.**
**If no timely response is filed within fourteen (14) days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Wallwork Financial (hereinafter "Wallwork" or "Movant"), a secured creditor in the above-numbered and styled bankruptcy case, and files this its Agreed Motion for Relief from Automatic Stay, or Alternatively, Motion for Adequate Protection Regarding 2013 Ford Water Truck, and in support thereof would respectfully show the Court the following:

**I.**
**Jurisdiction**

1. This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) and 1301(c) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G).

2. J.A.R. Concrete, Inc. (the "Debtor") initiated the current Chapter 11 bankruptcy petition in the El Paso Division of the Western District of Texas on March 14, 2023 (the "Petition Date").

3. Debtor has not yet filed its schedules. Pursuant to an Order Extending Time To File Schedules and Statement of Financial Affairs entered on March 28, 2023 [Doc. # 44], the Court extended the time for Debtor to file its Schedules to April 10, 2023.

## II.
## Facts

3. Prior to the Petition Date, J.A.R. Concrete, Inc. (the "Debtor") signed and executed Combination Note and Security Agreement, ("14301-001 Note") on December 9, 2020. A true and correct copy of the 14301-001 Note is attached hereto as Exhibit "A" along with all schedules and addendums thereto. Pursuant to the terms of the 14301-001 Note, Wallwork provided funds for the following Equipment (the "Vehicle"):

| NOTE | EQUIPMENT DESCRIPTION | VIN |
|---|---|---|
| 14301-001 | 2013 Ford F750 Truck With 3000gal Water Tank | 3FRXF7FA1DV026483 |

4. Pursuant to the terms of the 14301-001 Note, J.A.R., initially agreed to pay a total of $84,085.00, which includes thirty-six (36) monthly installments of $2,615.57, the first of such installments being due and payable on January 9, 2021, and a like installment being due and payable on the same day of each succeeding month thereafter until the 14301-001 Note is paid in full.

5. Under the 14301-001 Note, J.A.R granted to Wallwork a security interest in the Vehicle to secure the performance of all absolute and contingent obligations and liabilities of J.A.R. under the 14301-001 Note. Plaintiff perfected its first-priority security interest by recording its lien on the Vehicle's certificate of title. A true and correct copy of Texas Certificate

of Title for the Vehicle reflecting Plaintiff's first-priority lien interest is attached hereto and incorporated by reference for all purposes as Exhibit "B."

6. Although Wallwork fully performed all obligations owed to Debtor under the 14301-001 Note, Debtor failed to pay the amounts owed under the 14301-001 note beginning on January 9, 2023, and failed to tender any additional payments thereafter. As of February 21, 2023, the balance of $31,671.27 is currently due and owing under the 14301-001 Note excluding interest, costs, and newly accruing fees.

7. On or about March 7, 2023, prior to the Petition Date, Wallwork repossessed the Vehicle due to non-payment of $31,671.27. Upon being notified of this bankruptcy proceeding, Wallwork has since surrendered the Vehicle back to Debtor after negotiating for adequate protection payments as set forth in the proposed agreed order attached hereto.

8. As of the March 14, 2023, the fair market value of the Vehicle is estimated to be approximately $27,000.00, based on the age, estimated use, and type of vehicle, assuming the Vehicle is in good condition and is being properly maintained. Accordingly, Debtor has no equity interest in the Vehicle after considering the payoff under the 14301-001 Note as of the Petition Date was $31,671.27.

9. The Vehicle continues to depreciate and will continue to depreciate while in the possession of Debtor.

10. Wallwork expressly reserves its right to seek additional stay relief regarding other collateral, vehicles or equipment to which Debtor may have granted Wallwork a security interest. Nothing in this Motion should be construed as a waiver of Wallwork's right or ability to seek additional stay relief to the extent warranted.

## III.
## Relief from Stay

11. By reason of the foregoing, Wallwork requests the Court condition the automatic stay consistent with the terms of the attached proposed agreed order.

12. Cause exists to modify and condition the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Vehicle because: (1) the parties have negotiated and agreed upon adequate protection payments and treatment in favor of Wallwork as set forth in the attached proposed agreed order; and (2) the Vehicle will depreciate while in Debtor's possession and Debtor has no equity interest in the Vehicle. Accordingly, per the agreement of the parties, Wallwork seeks an order requiring Debtor to adequately protect Wallwork's interest in the Vehicle as set forth herein by making adequate protection payments for the continued use and operation of the Vehicle in the amount of $405.00 per month beginning on April 9, 2023, and continuing thereafter on the 9th day of each consecutive month until a Chapter 11 Plan is confirmed.

13. Wallwork further requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived and Wallwork be permitted to immediately enforce and implement the order conditioning and modifying the automatic stay.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Wallwork requests that the Court enter the proposed agreed order attached to this Motion granting Wallwork's request to condition and modify the Automatic Stay as to the Vehicle, and if Debtor defaults under such order conditioning the Automatic Stay, grant relief from the Automatic Stay to permit Wallwork to foreclose its lien on the Vehicle as prayed for in this motion, and grant to Wallwork such other and further relief to which it may be justly entitled.

<div style="text-align: right">

**PADFIELD & STOUT, LLP**
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Mark W. Stout
State Bar I.D. # 24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com
*Attorneys for Wallwork Financial*

</div>

## CERTIFICATE OF CONFERENCE

I certify that prior to the filing of this Motion, my office conferred with Debtor's' counsel regarding the merits of this Motion and relief sought herein. I called Debtor's counsel, E.P. Bud Kirk on March 24, 2023 and left a message for Mr. Kirk to call me back. Subsequently, I had a phone conversation with Mr. Kirk and exchanged emails with Mr. Kirk in which he has confirmed that he is unopposed to the relief sought in this Motion and further is in agreement with the terms of the attached proposed agreed order conditioning the automatic stay as to the Vehicle.

<div style="margin-left: 50%">

/s/ Christopher V. Arisco
Christopher V. Arisco

</div>

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Tuesday, April 4, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **J.A.R. Concrete, Inc.**<br>8000 Escobar Dr.<br>El Paso, Texas 79907<br><br>*Debtor* | **E.P. Bud Kirk**<br>600 Sunland Park Drive,<br>Building Four, Ste.400<br>El Paso, Texas 79912<br><br>*Attorney for Debtor* |
| **Michael G. Colvard**<br>Martin & Drought, PC<br>Weston Centre<br>112 E. Pecan St., Suite 1616<br>San Antonio, Texas 78205<br><br>*Trustee* | **United States Trustee**<br>Office of the United States Trustee<br>615 E. Houston Street, Suite 533<br>San Antonio, Texas 78205 |
| **All those receiving ECF notification in this case and the attached list of the twenty largest unsecured creditors.** | |

/s/ Christopher V. Arisco
Christopher V. Arisco