**EXHIBIT A**


**Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Combination Note and Security Agreement

**Name and Address of Debtor**
J. A. R. Concrete Inc
8000 Escobar Dr
El Paso, TX 79907

Note# 14301-001

This Agreement dated as of December 9, 2020 by the debtor named above (the "Debtor") in favor of Wallwork Financial Corporation ("Secured Party").

1. **Loan.** For value received, Debtor hereby promises to pay to the order of Secured Party at its main office in Fargo, ND in lawful money of the United States of America the principal sum of $84,086.00 together with interest on the unpaid balance hereof from the date funds are disbursed.

Principal and interest shall be payable in (36) equal consecutive monthly payments of $2,615.57 commencing 1/9/2021 and continuing on the same day of each month until fully paid. Installment payments shall be applied first to interest and then to principal. Any installment payment not made within ten (10) days after its due date shall be subject to a late charge of up to 5.0% of the amount of the installment but in any event not more than permitted by applicable state law.

Debtor shall have the right to prepay all or part of the principal indebtedness due Secured Party at any time. In consideration of such prepayment right, and as compensation to Secured Party for the loss of the benefit of its bargain, unless prohibited by applicable state law, Debtor shall also pay to Secured Party a percentage of the remaining amount of indebtedness being prepaid equal to 5% in year one of Loan, 4% in year two of Loan, 3% in year three of Loan, or the maximum rate allowed under applicable state law if lower.

This Loan may be prepaid in part but only as a result of a disposition of an item of collateral which secures this Loan. The amount of such prepayment shall be the product of the unpaid principal balance of this Loan determined in accordance with the preceding paragraph times a fraction, the numerator of which is the original advance made by the Secured Party with respect to the item of collateral in question and the denominator of which is the original principal balance of this Loan with respect to the existing collateral securing this Loan. Nothing contained in this paragraph shall be construed as an authorization by Secured Party to the undersigned to sell or otherwise dispose of an item of collateral which secures this Loan. Such sale or disposition of an item of collateral by the undersigned shall be made solely in accordance with the terms of this security agreement or other agreement pursuant to which the undersigned pledged such item of collateral to Secured Party.

The undersigned may remit to Secured Party amounts in excess of an installment that is due hereunder and Secured Party shall apply such amount to the next maturing installment or installments. Payment of amounts in excess of the installment that is due or installments prior to the due date thereof shall not be treated as a prepayment or result in a change to either the total number of installments or the total sum of all installments payable under this Loan.

2. **Definitions.** The following terms have the following meanings in this Agreement:
"Equipment" means the following described equipment of the Debtor, together with all accessories, attachments, parts, repairs, additions, and replacements attached thereto or incorporated therein:
**Equipment Description:**

\* See Attached "Equipment Schedule" dated December 9, 2020 \*

"Guarantor" means any guarantor of the Loan.
"Loan" means the loan evidenced by paragraph 1 of this Agreement.
"Obligations" means (a) the Loan and all other obligations of Debtor to Secured Party under this Agreement and (b) each and every other obligation Debtor may now or at any time in the future owe to Secured Party.

THIS AGREEMENT INCLUDES THE TERMS ON THE ATTACHED PAGE(S).

IN WITNESS WHEREOF the Debtor has signed this Agreement as of the date first above written.

J. A. R. Concrete Inc
Debtor Name

_____
Debtor Signature

_____
Additional Debtor Signature (if applicable)

Debtor Phone: (   )
Debtor Cell: (   )
Debtor Email:

**Certified Copy**

3. Security Interest. To secure payment of the Obligations, Debtor hereby grants Secured Party a security interest in the Equipment and in the proceeds thereof.
4. Representations and Agreements. Debtor hereby represents and agrees as follows:
    (a) Authorization. If Debtor is not an individual, the execution, delivery and performance of this Agreement has been duly authorized by all necessary action on the part of the Debtor and will not violate any provision of the Debtor's governing documents
    (b) Business Location; Name. Debtor shall not change its name or business address from that set forth above, and, if an individual, shall not change the state of residence, and, if not an individual, shall not change the state of organization, unless it shall have given Secured Party or its assigns no less than thirty (30) days' prior written notice thereof.
    (c) Business Purpose; Lawful Use. The Equipment will be used primarily for business purposes as opposed to personal, family or household purposes. Debtor will comply with all laws and regulations applicable to the Equipment and its use.
    (d) Clear Title; Authorization to Pay Loan Proceeds. Upon disbursement of the proceeds of the Loan, Debtor will have good and marketable title to the Equipment free and clear of all security interests, liens, and other encumbrances and rights, and of all claims of co-ownership by others. Debtor authorizes Secured Party to disburse the Loan proceeds directly to the seller of the Equipment to Debtor to the extent of the unpaid purchase price.
    (e) No Sales or Junior Liens. Debtor will not sell, transfer, lease, grant a security interest in, or otherwise encumber the Equipment except for the security interest granted hereunder.
    (f) Equipment Delivery. The Equipment has been delivered to and accepted by the Debtor and is in all respects satisfactory to Debtor.
    (g) Equipment Location. Debtor will not part with possession or control of or suffer or allow to pass out of its possession or control any Equipment or change the location of the Equipment or any part thereof from the Equipment Location shown above unless the Equipment is rolling stock.
    (h) Maintenance. Debtor will maintain the Equipment in good repair, condition, and working order and will furnish all parts and services required therefor, all at its expense, ordinary wear and tear excepted.
    (i) Taxes. Debtor will pay all personal property, sales, use, and other taxes levied on or assessed against the Equipment before the date on which penalties attach thereto.
    (j) Equipment Personalty. The Equipment shall remain personal property regardless of its attachment to realty, and Debtor agrees to take such action at its expense as may be necessary to prevent any third party from acquiring any interest in the Equipment as a result of its attachment to realty.
    (k) Equipment Use. Debtor will use the Equipment with due care and only for purposes of which it is intended.
    (l) Casualty Insurance. Debtor will obtain and maintain physical damage insurance issued by responsible insurance companies insuring the Equipment against damage and loss in an amount not less than the full replacement value of the Equipment. Debtor shall furnish Secured Party with a certificate of insurance evidencing the issuance of a policy to Debtor in at least the minimum amounts required herein naming Secured Party as loss payee for the property damage coverage. Each such policy shall be in such form and with such insurers as may be satisfactory to Secured Party and each such policy shall contain a clause requiring the insurer to give Secured Party at least 10 days prior written notice of any alteration in the terms of the policy or the cancellation thereof. Debtor shall advise Secured Party in writing promptly of any loss or damage to the Equipment and of the circumstances and extent of such damage. Any insurance or condemnation proceeds received shall be paid to Secured Party and credited to Debtor's Obligations.
    (m) Inspection Rights. Debtor will permit Secured Party to inspect the Equipment at any time and from time to time as Secured Party may reasonably request.
    (n) Further Assurances. Debtor will promptly execute and deliver to Secured Party such further documents and take such further action as Secured Party may request in order to carry out more effectively the intent and purpose of this Agreement, including the execution and delivery of appropriate financing statements to protect fully Secured Party's interest hereunder in accordance with the Uniform Commercial Code or other applicable law. Secured Party and any assignee of Secured Party is authorized to file one or more Uniform Commercial Code financing statements without the signature of Debtor or signed by Secured Party or any assignee of Secured Party as attorney-in-fact for Debtor. Debtor hereby grants to Secured Party a power of attorney in Debtor's name, to apply for a certificate of title for any item of Equipment that is required to be titled under the laws of any jurisdiction where the Equipment is or may be used and/ or to transfer title thereto upon the exercise by Secured Party of its remedies upon an Event of Default by Debtor under this Agreement. Debtor will pay all costs of filing any financing, continuation or termination statements with respect to this Agreement including, without limitation, any documentary stamp taxes relating thereto. Debtor will do whatever may be necessary to have a statement of interest of Secured Party and any assignee of Secured Party in the Equipment noted on any certificate of title relating to the Equipment and will deliver said certificate to Secured Party. If Debtor fails to perform or comply with any of its agreements, Secured Party may perform or comply with such agreements in its own name or in Debtor's name as attorney-in-fact and the amount of any payments and expenses of Secured Party incurred in connection with such performance or compliance, together with interest thereon at the rate provided above, shall be deemed payable by Debtor upon demand.
5. Events of Default. The occurrence of any one of the following events will constitute an "Event of Default" hereunder:
    (a) Default in the payment, when due, of any payment of principal or interest on the Loan, or default in the payment when due, of any of the other Obligations.
    (b) The breach of any one or more of the representations of Debtor hereunder, or failure of Debtor to observe or perform any one or more of the agreements to be observed or performed by Debtor hereunder.
    (c) The filing of a petition by or against Debtor or any Guarantor under the federal Bankruptcy Code naming Debtor or such Guarantor as debtor.
    (d) Appointment of a receiver of any part of the property of, assignment for the benefit of creditors by, or the commencement of any proceeding under any state bankruptcy or insolvency law by or against, Debtor or any Guarantor.
    (e) Any financial or credit information submitted by or on behalf of Debtor or any Guarantor shall prove to have been false or misleading when submitted.
    (f) An event of default shall occur under any indebtedness Debtor may now or hereafter owe to any affiliate of Secured Party.

Certified Copy

(g) Any individual Debtor or individual Guarantor shall die.

(h) Debtor's consolidation with, merger into, or sale of all or substantially all of its assets to, any individual, corporation or other entity.

6. Remedies. Upon the occurrence of an Event of Default, and at any time thereafter, Secured Party may exercise, in its discretion, any one or more of the rights and remedies set forth below.

   (a) Secured Party may declare the Loan and each other Obligation to be immediately due and payable, and the same shall thereupon be and become immediately due and payable in full without presentment, notice of dishonor, or protest, all of which Debtor hereby waives; provided, however, that upon the filing of a petition by or against Debtor under the federal Bankruptcy Code naming the Debtor as debtor, the Loan and each other Obligation shall automatically be and become immediately due and payable in full without notice or demand of any kind.

   (b) Secured Party may exercise any and all of the rights and remedies available to a secured party under the Uniform Commercial Code as in effect in the State of North Dakota, and in connection therewith, Debtor agrees at its expense to assemble the Equipment and make it available to Secured Party at a place or places to be designated by Secured Party in the continental United States reasonably convenient to both Secured Party and Debtor, and agrees that any notice of intended disposition of the Equipment required by law shall be deemed reasonable if such notice is given to Debtor in the manner provided in this Agreement at least 10 days before the date of such disposition.

   (c) Secured Party may recover from Debtor, and Debtor agrees to pay, the legal fees and expenses incurred by Secured Party in the exercise of any right or remedy available to it under this Agreement, including expenses of repossession, repair, storage, transportation, and disposition of the Equipment.

   (d) Secured Party may exercise any and all other rights and remedies available to it by law or other agreement.

7. Miscellaneous.

   (a) Secured Party shall not be deemed to have waived any of its rights hereunder unless such waiver be in writing and signed by Secured Party. No delay or omission on the part of Secured Party in exercising any right hereunder shall operate as a waiver of such right or any other right. A waiver on any one occasion hereunder shall not be construed as a bar to or waiver of any right or remedy on any future occasion.

   (b) All rights and remedies of Secured Party shall be cumulative and may be exercised singularly or concurrently, at Secured Party's option, and the exercise or enforcement of any one such right or remedy shall not bar or be a condition to the exercise or enforcement of any other.

   (c) Any written notice hereunder to Debtor or Secured Party shall be deemed to have been given when delivered personally or deposited with a recognized overnight courier service or in the United State mails, postage prepaid, addressed to recipient at its address set forth above or at such other address as may be last known to sender.

   (d) Debtor shall keep accurate and complete records pertaining to Debtor's business and financial condition and submit to Secured Party such periodic reports concerning Debtor's business and financial condition as Secured Party may from time to time reasonably request.

   (e) This Agreement contains the entire agreement between the parties and may not be modified except in writing, signed by the parties. Any action by either party concerning the Agreement shall be venued in the courts of the state of North Dakota and the parties hereby submit to the personal jurisdiction of the Courts of North Dakota, both federal and state, in any action with respect to the Agreement and agree that any state Court action shall be venued in either the District Court of Cass, North Dakota, or Federal District Court in Fargo, North Dakota. Any provision which is in conflict with any applicable law shall be deemed, omitted, modified or altered to conform thereto. The invalidity of any portion of the Agreement shall not affect the remaining portions.

   (f) This Agreement shall be binding upon and inure to the benefit of the successors and assigns of Debtor and Secured Party.

   (g) If this Agreement is signed by more than one person as Debtor, then the term "Debtor" shall refer to each of them separately and to all of them jointly, and each such person shall be liable hereunder individually in full and jointly with the others.

   (h) There shall be one original of the Agreement and it shall be marked "Original". To the extent that this Agreement constitutes chattel paper (as that term is defined by the Uniform Commercial Code), a security interest may be created only in the Agreement marked "Original."

   (i) Notwithstanding anything to the contrary contained herein, if the rate of interest, late payment fee, prepayment premium or any other charges or fees due hereunder are determined by a court of competent jurisdiction to be usurious, then said interest rate, fees and/or charges shall be reduced to the maximum amount permissible under applicable law and any such excess amounts shall be applied towards the reduction of the principal balance of this Loan.

   (j) Any provision in this Agreement that is unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such unenforceability, without invalidating the remaining provisions of the Agreement, and any such unenforceability in any jurisdiction shall not render unenforceable such provision in any other jurisdiction.

   (k) Paragraph headings are for convenience only, are not part of this Agreement and shall not be deemed to affect the meaning or construction of any of the provisions hereof.

DEBTOR HEREBY WAIVES ANY RIGHT TO A JURY TRIAL WITH RESPECT TO ANY MATTER ARISING UNDER OR IN CONNECTION WITH THIS AGREEMENT.

Ver. 04/08

Certified Copy


**Wallwork**
FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Equipment Schedule

**Name of Debtor**
J. A. R. Concrete Inc
8000 Escobar Dr
El Paso, Texas 79907

#14301-001

| Description | Serial Number |
|---|---|
| 1. Used 2013 Ford F750 Truck With 3000gal Water Tank | 3FRXF7FA1DV026483 |
| 2. Used 2015 Freightliner M2 Truck With 3000gal Water Tank | 3ALACXDT0FDFH8045 |

Date: December 9, 2020

J. A. R. Concrete Inc - Debtor

By - _____

By - _____

**Certified Copy**


**Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Guaranty of Title

Note # 14301-001

As partial consideration for payment on the equipment described below, I/We hereby guarantee the following:

1. I/We own title/MSO to the equipment described below.
2. Said Title/MSO is not noted as "Salvage" and said equipment has never been noted as such.
3. I/We are in possession of said title/MSO and that said title/MSO is free and clear of all liens.
4. I/We will assign said title/MSO to the Registered Owner. I/we will record the name and address of Registered Owner on said title/MSO exactly as it appears below.
5. I/We will record Wallwork Financial Corporation as Lien Holder on said title/MSO exactly as it appears below.
6. I/We will properly and accurately complete said title/MSO according to the instructions in items 3 and 4 of this agreement prior to delivery of title/MSO.
7. I/We will deliver said title/MSO to Registered Owner, or to the agent of Registered Owner, or to Wallwork Financial Corporation, within seven days of the date of this agreement.

Equipment Schedule Dated: December 9, 2020

| Equipment Description | Serial Number |
|---|---|
| Used 2013 Ford F750 Truck With 3000gal Water Tank | 3FRXF7FA1DV026483 |
| Used 2015 Freightliner M2 Truck With 3000gal Water Tank | 3ALACXDT0FDFH8045 |

Registered Owner: J. A. R. Concrete Inc
8090 Escobar Dr
El Paso, Texas 79907

Lien Holder: Wallwork Financial Corporation
P.O. Box 628
Fargo, ND 58107

I/We further guarantee that failure to comply with the guarantees set forth in items 1 thru 6 of this agreement will result in our reimbursement to Wallwork Financial Corp the full amount set forth above plus any and all additional fees paid by Wallwork Financial Corp as relates to this matter, including but not limited to: dealer fees, finder's fees, termination fees, documentation fees, etc.

I/We agree to reimburse Wallwork Financial Corp for any additional costs incurred by Wallwork Financial Corp to correct any title/MSO information not accurately completed per the instructions/guarantees above.

This Guarantee is provided by: Davis Tractor & Machine

By: _[signature]_
Title: Aaron
Date: December 9, 2020

**Certified Copy**



**Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Title Agreement and Guaranty

# 14301-001

**Date:** December 9, 2020

**Debtor:** J. A. R. Concrete Inc

**Equipment Description:** * See Attached "Equipment Schedule" dated December 9, 2020

Debtor hereby agrees to and guarantees the following:
1. Debtor will record Wallwork Financial Corporation as Lien Holder on title regarding the above referenced equipment exactly as it appears below.
2. Debtor will deliver said title to Wallwork Financial Corp within seven days of receipt of title.

**Lien Holder:** Wallwork Financial Corporation
P.O. Box 628
Fargo, ND 58107-0628

Debtor agrees and recognizes that failure to comply with the guarantees set forth in items 1 and 2 above is an "Event of Default" and will be subject to the "Remedies" described in paragraph 6 of the Combination Note and Security Agreement referenced above. This could result in, but not be limited to, Wallwork Financial Corp declaring the full amount of the loan due and payable in full plus any and all additional fees paid by Wallwork Financial Corp as relates to this matter.

Any additional costs incurred by Wallwork Financial Corp. to correct any title information will be billed to you and full payment will be expected from you.

By: _____
Debtor Signature

By: _____
Additional Debtor Signature (if applicable)

Certified Copy



**Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Insurance Certificate Request

Name: J. A. R. Concrete Inc
Address: 8000 Escobar Dr
City, St. and Zip: El Paso, Texas 79907

# 14301-001

Coverage Certification Requested:

√ Physical Damage with no more than $5,000 deductible, Comprehensive (or C.A.C) and collision, endorsing Wallwork Financial Corporation and/or assigns, 401 38th Street SW, Fargo, ND 58103 as "Loss Payee".

The insurance must be underwritten by an insurance company currently rated "A-" or better by A.M. Best & Co. Territory Limitation, commodity restrictions, or driver exclusions to the policy are not allowed.

Please be advised that the equipment described below will require insurance coverage at all times under the terms of the agreement by and between Wallwork Financial Corporation and Debtor named above. Said insurance must be written at an amount acceptable to Wallwork Financial Corporation.

* See Attached "Equipment Schedule" dated December 9, 2020*

I / We have agreed that Wallwork Financial Corporation be added to our policy or policies under which such equipment is to be insured and that insurance certificates will be provided. We have further agreed that you shall give 30 days prior written notice to Wallwork Financial Corporation for any changes or cancellations of such insurance. The policy shall provide that Wallwork Financial Corporation's interest shall not be invalidated by any acts, omissions, or neglect of anyone other than Wallwork Financial Corporation.

Please accept this as authorization for your compliance in forwarding the necessary documents as promptly as possible to Wallwork Financial Corporation.

By: _____
Debtor Signature

By: _____
Additional Debtor Signature (if applicable)

Certified Copy


**Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Compliance Agreement

| | | |
|---|---|---|
| **Contract ID** | : | 14301-001 |
| **Lessee or Debtor** | : | J. A. R. Concrete Inc |
| **Lessor or Secured Party** | : | Wallwork Financial Corporation |
| | | 401 38th Street SW |
| | | P.O. Box 628 |
| | | Fargo, ND 58107-0628 |

The undersigned agree to cooperate with Wallwork or any financial institution who may have an interest in this transaction ("Bank") to correct any errors made with respect to this transaction and to provide any additional documentation deemed necessary by Wallwork or Bank to effect the transaction. Cooperate includes, but is not limited to, the execution or re-execution of any documents which Wallwork or Bank deem necessary or desirable to complete the transaction, pledge or assign the lease or loan, and properly reflect the title to the property.

Lessee or Debtor and Guarantor grant Wallwork limited power of attorney to correct and/or execute or initial all typographical or clerical errors discovered in any of the lease or loan documentation. If exercised, Wallwork will notify the Lessee or Debtor and Guarantors and provide a copy of the document executed or initialed. This limited power of attorney will automatically terminate 120 days from the original date of the lease or loan.

Date: December 9, 2020

**LESSEE(S) OR DEBTOR(S):**

By: _____

By: _____

Certified Copy



401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Special Power of Attorney

#14301-001

The undersigned, J. A. R. Concrete Inc does hereby make, constitute, and irrevocably appoint **Wallwork Financial Corporation**, with an address of **P.O. Box 628, Fargo, ND 58107**, through any officer or other specifically designated employee thereof, as my attorney with full authority to execute and record any and all instruments, affidavits, certificates of title, renewals, and other documents necessary to effect recording of lien registration, transfer of title, and such other things as may be proper pertaining to the title or licensing of the motor vehicle, * See Attached "**Equipment Schedule**" dated December 9, 2020 *, in my place and stead. This Power of Attorney shall not terminate or otherwise be affected by my subsequent disability or incapacity of the principal or by lapse of time.

In witness whereof, the undersigned has executed this statement on December 9, 2020 .

J. A. R. Concrete Inc

By: _____

By: _____



**Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Automatic Electronic Debit Plan

Name: J. A. R. Concrete Inc    # 14301

Schedule your payments to be automatically deducted from your checking or savings account with our **Automatic Electronic Debit Plan**. Just complete and sign this form to get started!

Our **Automatic Electronic Debit Plan** will make your life easier:
- It's convenient (saving you time and postage)
- Your payment will be on time (even if you're out of town), helping eliminate late charges

Here's how the **Automatic Electronic Debit Plan** works:
You authorize regularly scheduled payments to be made from your checking or savings account. Then, just sit back and relax. Your payments will be automatically paid on specified days and proof of payment will appear with your bank statement.

The authority you give to charge your bank account will remain in effect until you notify us or your bank in writing to terminate the authorizations.

### AUTHORIZATION FOR AUTOMATIC PAYMENTS

I authorize **Wallwork Financial Corporation and its assignees** and the bank named below to initiate variable entries to my checking/savings account. This authority will remain in effect for all accounts associated with Customer # 14301 until I notify you or the bank in writing in such time as to afford a reasonable opportunity to act. I can stop payment of any entry by notifying Wallwork Financial 4 business days before my account is charged, but I will incur a fee.

Account Type: ☒ Checking ☐ Savings
Name on Acct: JAR Concrete, INC
Bank Name: GECU
Bank City/State: EL PASO, TX
Routing Number: [illegible]
Bank Routing #: [redacted]
Bank Account #: [redacted]

Signature: [signed]    Date: December 9, 2020

**PLEASE ATTACH A VOIDED CHECK**

 **Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Cross Collateral Agreement

This Agreement is made this **December 9, 2020** by and between Wallwork Financial Corporation, a North Dakota Corporation, with its principal place of business at 401 38th Street SW, Fargo, ND 58107-0628, ("Wallwork"), **Paso Del Norte Materials, LLC** and **J. A. R. Concrete Inc**("Debtor").

WHEREAS, the Debtor has executed one or more Combination Loan and Security Agreements, Motor Vehicles Master Leases, Equipment Schedules, and other related documents (collectively "Accounts"), with Wallwork for the purchase or leasing of vehicles or equipment. The parties expect that other transactions will occur in the future or, if not, the transaction of on or about this date is consummated in consideration of this Agreement.

NOW, THERFORE, in consideration of and in order to induce Wallwork to accept Accounts for the purchase or leasing of vehicles or equipment, the Debtor, jointly and severally, hereby agrees that all obligations and indebtedness presently owing and which hereafter may be owing to Wallwork by the Debtor, or any of them, shall be secured by a security interest in and to all equipment and vehicles financed or leased by Wallwork for and on behalf of the Debtor, and that Wallwork is entitled to hold and apply any monies or property of the Debtor, or any of them, to any indebtedness of the Debtor, or any of them to Wallwork under any and all of such Accounts. It is the express purpose of this Agreement that a default under any Account by the Debtor shall be deemed a default by the Debtor under all Accounts, and Wallwork, at its discretion, may exercise default rights under all Accounts in the event of a default by the Debtor under one.

So long as any indebtedness is owing by Debtor to Wallwork, under any Account, all such equipment and vehicles of the Debtor that may have been under previous Accounts, whether paid or not, shall continue to be security for the remaining Accounts unless such equipment or vehicle is specifically released by Wallwork from the security interest described herein. Upon receipt of the indebtedness owed on a specific asset or account, Wallwork agrees to release its security interest and title if applicable, if requested by Debtor, so long as the Debtor is in good standing, with no outstanding title or insurance issues, and there have been no defaults on any Accounts between Wallwork and Debtor.

Additionally, so long as any indebtedness is owing by Debtor to Wallwork, Wallwork, without cost to it, may use any of the assets of the Debtor, including, but not limited to, any lifts, hoists, trucks, and other facilities of the Debtor, to preserve, store, handle, or remove leased or purchased equipment or any other collateral securing the obligations of the Debtor to Wallwork, and Wallwork shall have the right to ingress to, and egress from, places where such equipment and vehicles may be located.

Notwithstanding anything to the contrary herein, if one or more Accounts are sold, assigned or pledged by Wallwork to a third party purchaser or lender (an "Assignee") the provisions hereof shall be enforceable by Wallwork only with respect to the equipment, vehicles and other property financed or leased pursuant to the Accounts retained by Wallwork; and with respect to the assigned Accounts, shall be enforceable by the Assignee only with respect to the equipment, vehicles and other property financed or leased pursuant to the Accounts assigned to the Assignee.

This Agreement shall be binding upon the successors and assigns of the Debtor and shall inure to the benefit of Wallwork and its successors and assigns.

This Agreement shall not be cancelable.

All rights and remedies granted to Wallwork under the separate Accounts or hereunder shall be cumulative and not alternative, and shall be in addition to, and shall in no manner impair or affect Wallwork's rights and remedies under any existing Accounts or the law of the appropriate jurisdiction.

IN WITNESS WHEREOF, the parties have executed this Agreement the day and year first above written.

x _JOE A. ROSALES JR_
Debtor Name

x _[signature]_
Debtor Signature

x _____
Additional Debtor Signature (if applicable)

 **Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Guaranty
(For Commercial Use)

FOR VALUE RECEIVED, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in consideration of credit already given to <u>J. A. R. Concrete Inc</u> (the "Debtor") by <u>Wallwork Financial Corporation</u> ("Wallwork") and at the special instance and request of Wallwork, the undersigned guarantors do hereby jointly and severally unconditionally guarantee the prompt payment when due, whether at the maturity date or dates specified therein or therefore upon acceleration of maturity pursuant to the provisions thereof, of any and all notes, drafts, checks, and all other indebtedness and liabilities of whatsoever nature, due or to become due, direct or indirect, absolute or contingent, joint or several, whether as maker, endorser, guarantor or otherwise, now existing or hereafter arising, heretofore or hereafter purchased or otherwise acquired by Wallwork, and/or at any time owed or contracted by the Debtor to Wallwork (all of such notes, leases, retail or conditional sales contracts or other installment agreements, drafts, checks, other indebtedness and liabilities being hereinafter called "indebtedness") together with any and all expenses of an incidental to collection, including attorneys' fees; provided, however, that the limit of liability hereon shall not exceed the sum of **EACH AND EVERY DEBT, LIABILITY AND OBLIGATION NOW OWED OR HEREAFTER OWED TO <u>Wallwork Financial Corporation</u>** Dollars($UNLIMITED) plus expenses of collection, attorney's fees and accrued interest to date of payment.

This guaranty is an absolute and completed one and shall be a continuing one and no notice of any indebtedness already of hereafter contracted or acquired by Wallwork, or of any renewal or extension of any thereof need be given to the undersigned or any of them. Each of the undersigned hereby expressly waives demand, presentment, protest and notice of dishonor on any and all forms of such indebtedness and also notice of acceptance of this guaranty.

Wallwork is expressly authorized to forward or deliver any or all collateral and security which may at any time be placed with it by the Debtor or any of the undersigned, or any other person, for collection and remittance or for credit, or to collect the same in any other manner and to exchange or surrender with or without consideration any or all of such collateral and security without notice to any of the undersigned and without in any manner affecting the absolute liability of any of the undersigned hereunder. The liability of each of the undersigned hereunder shall not be affected or impaired by any failure, neglect or omission on the part of Wallwork to realize upon any such indebtedness of the Debtor to Wallwork, or upon any collateral or security for any or all such indebtedness, nor by the taking by Wallwork of collateral or security of any kind.

Each of the undersigned acknowledges that this guaranty is in effect and binding without reference to whether it is signed by any other persons, and agrees that possession of this instrument of guaranty by Wallwork shall be conclusive evidence of due delivery hereof, and further agrees that it shall continue in full force and effect notwithstanding the death or release of or the extension of time to any of the other guarantors, both as to indebtedness then existing and/or thereafter created. Each of the undersigned agrees that this guaranty shall continue in effect not withstanding that from time to time no indebtedness from the Debtor to Wallwork may exist, and that liability upon this guaranty shall be terminated only upon receipt by Wallwork of written notice of revocation or upon receipt of notice of death, and that in either of such events liability hereon shall continue as to indebtedness then existing and as to any and all renewals or extensions thereof made after such events. Each of the undersigned hereby subordinates in favor of Wallwork a claim against the Debtor or in or to any property of the Debtor, to the extent that such claims arise hereafter by reason of payments made upon any item or items of the indebtedness of the Debtor to Wallwork, and each of the undersigned hereby assigns to Wallwork any such claim hereafter arising and authorizes Wallwork to apply any payments thereon upon such item or items of the indebtedness of the Debtor to Wallwork as Wallwork may determine.

The liability of the undersigned shall not be affected or impaired by the existence from time to time of indebtedness from the Debtor to Wallwork in excess of the limit of liability of this guaranty. Any and all payments upon such indebtedness made by the Debtor or by any of the undersigned, or by any other person, and/or the proceeds of any or all collateral or security for any such indebtedness may be applied by Wallwork upon such of the items of such indebtedness as it may determine, whether the same shall be due or not.

This guaranty shall be construed according to the laws of the State of North Dakota, in which state it shall be performed by the undersigned. This guaranty shall be binding upon the undersigned jointly and severally and upon their heirs, legal representatives, successors and assigns, and shall inure to the benefit of Wallwork and its successors and assigns, including bank to whom we may transfer the paper. The acceptance of this guaranty by Wallwork is not intended to and does not release any liability previously existing of any guarantor or surety of any indebtedness or liability of the Debtor to Wallwork.

**Date:** December 9, 2020
**Guarantor:** Jose A Rosales Jr
**Address:** 800 ESCOBAR DR
EL PASO, TX

**SSN #/TIN #:**
**Signature:** [signed]



401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

# Guaranty
(For Commercial Use)

FOR VALUE RECEIVED, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in consideration of credit already given to **J. A. R. Concrete Inc** (the "Debtor") by **Wallwork Financial Corporation** ("Wallwork") and at the special instance and request of Wallwork, the undersigned guarantors do hereby jointly and severally unconditionally guarantee the prompt payment when due, whether at the maturity date or dates specified therein or therefore upon acceleration of maturity pursuant to the provisions thereof, of any and all notes, drafts, checks, and all other indebtedness and liabilities of whatsoever nature, due or to become due, direct or indirect, absolute or contingent, joint or several, whether as maker, endorser, guarantor or otherwise, now existing or hereafter arising, heretofore or hereafter purchased or otherwise acquired by Wallwork, and/or at any time owed or contracted by the Debtor to Wallwork (all of such notes, leases, retail or conditional sales contracts or other installment agreements, drafts, checks, other indebtedness and liabilities being hereinafter called "indebtedness") together with any and all expenses of an incidental to collection, including attorneys' fees; provided, however, that the limit of liability hereon shall not exceed the sum of **EACH AND EVERY DEBT, LIABILITY AND OBLIGATION NOW OWED OR HEREAFTER OWED TO Wallwork Financial Corporation Dollars($UNLIMITED)** plus expenses of collection, attorney's fees and accrued interest to date of payment.

This guaranty is an absolute and completed one and shall be a continuing one and no notice of any indebtedness already of hereafter contracted or acquired by Wallwork, or of any renewal or extension of any thereof need be given to the undersigned or any of them. Each of the undersigned hereby expressly waives demand, presentment, protest and notice of dishonor on any and all forms of such indebtedness and also notice of acceptance of this guaranty.

Wallwork is expressly authorized to forward or deliver any or all collateral and security which may at any time be placed with it by the Debtor or any of the undersigned, or any other person, for collection and remittance or for credit, or to collect the same in any other manner and to exchange or surrender with or without consideration any or all of such collateral and security without notice to any of the undersigned and without in any manner affecting the absolute liability of any of the undersigned hereunder. The liability of each of the undersigned hereunder shall not be affected or impaired by any failure, neglect or omission on the part of Wallwork to realize upon any such indebtedness of the Debtor to Wallwork, or upon any collateral or security for any or all such indebtedness, nor by the taking by Wallwork of collateral or security of any kind.

Each of the undersigned acknowledges that this guaranty is in effect and binding without reference to whether it is signed by any other persons, and agrees that possession of this instrument of guaranty by Wallwork shall be conclusive evidence of due delivery hereof, and further agrees that it shall continue in full force and effect notwithstanding the death or release of or the extension of time to any of the other guarantors, both as to indebtedness then existing and/or thereafter created. Each of the undersigned agrees that this guaranty shall continue in effect not withstanding that from time to time no indebtedness from the Debtor to Wallwork may exist, and that liability upon this guaranty shall be terminated only upon receipt by Wallwork of written notice of revocation or upon receipt of notice of death, and that in either of such events liability hereon shall continue as to indebtedness then existing and as to any and all renewals or extensions thereof made after such events. Each of the undersigned hereby subordinates in favor of Wallwork a claim against the Debtor or in or to any property of the Debtor, to the extent that such claims arise hereafter by reason of payments made upon any item or items of the indebtedness of the Debtor to Wallwork, and each of the undersigned hereby assigns to Wallwork any such claim hereafter arising and authorizes Wallwork to apply any payments thereon upon such item or items of the indebtedness of the Debtor to Wallwork as Wallwork may determine.

The liability of the undersigned shall not be affected or impaired by the existence from time to time of indebtedness from the Debtor to Wallwork in excess of the limit of liability of this guaranty. Any and all payments upon such indebtedness made by the Debtor or by any of the undersigned, or by any other person, and/or the proceeds of any or all collateral or security for any such indebtedness may be applied by Wallwork upon such of the items of such indebtedness as it may determine, whether the same shall be due or not.

This guaranty shall be construed according to the laws of the State of North Dakota, in which state it shall be performed by the undersigned. This guaranty shall be binding upon the undersigned jointly and severally and upon their heirs, legal representatives, successors and assigns, and shall inure to the benefit of Wallwork and its successors and assigns, including bank to whom we may transfer the paper. The acceptance of this guaranty by Wallwork is not intended to and does not release any liability previously existing of any guarantor or surety of any indebtedness or liability of the Debtor to Wallwork.

| | | | |
|---|---|---|---|
| **Date:** | December 9, 2020 | | |
| **Guarantor:** | Paso Del Norte Materials, LLC | **SSN #/TIN #:** | |
| **Address:** | 8000 ESCOBAR DR<br>EL PASO, TX 79907 | **Signature:** | *[signature]* |

# Guaranty
## (For Commercial Use)

**Wallwork Financial Corporation**

FOR VALUE RECEIVED, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in consideration of credit already given to Paso Del Norte Materials, LLC (the "Debtor") by Wallwork Financial Corporation ("Wallwork") and at the special instance and request of Wallwork, the undersigned guarantors do hereby jointly and severally unconditionally guarantee the prompt payment when due, whether at the maturity date or dates specified therein or therefore upon acceleration of maturity pursuant to the provisions thereof, of any and all notes, drafts, checks, and all other indebtedness and liabilities of whatsoever nature, due or to become due, direct or indirect, absolute or contingent, joint or several, whether as maker, endorser, guarantor or otherwise, now existing or hereafter arising, heretofore or hereafter purchased or otherwise acquired by Wallwork, and/or at any time owed or contracted by the Debtor to Wallwork (all of such notes, leases, retail or conditional sales contracts or other installment agreements, drafts, checks, other indebtedness and liabilities being hereinafter called "indebtedness") together with any and all expenses of an incidental to collection, including attorneys' fees; provided, however, that the limit of liability hereon shall not exceed the sum of **EACH AND EVERY DEBT, LIABILITY AND OBLIGATION NOW OWED OR HEREAFTER OWED TO Wallwork Financial Corporation** Dollars($UNLIMITED) plus expenses of collection, attorney's fees and accrued interest to date of payment.

This guaranty is an absolute and completed one and shall be a continuing one and no notice of any indebtedness already of hereafter contracted or acquired by Wallwork, or of any renewal or extension of any thereof need be given to the undersigned or any of them. Each of the undersigned hereby expressly waives demand, presentment, protest and notice of dishonor on any and all forms of such indebtedness and also notice of acceptance of this guaranty.

Wallwork is expressly authorized to forward or deliver any or all collateral and security which may at any time be placed with it by the Debtor or any of the undersigned, or any other person, for collection and remittance or for credit, or to collect the same in any other manner and to exchange or surrender with or without consideration any or all of such collateral and security without notice to any of the undersigned and without in any manner affecting the absolute liability of any of the undersigned hereunder. The liability of each of the undersigned hereunder shall not be affected or impaired by any failure, neglect or omission on the part of Wallwork to realize upon any such indebtedness of the Debtor to Wallwork, or upon any collateral or security for any or all such indebtedness, nor by the taking by Wallwork of collateral or security of any kind.

Each of the undersigned acknowledges that this guaranty is in effect and binding without reference to whether it is signed by any other persons, and agrees that possession of this instrument of guaranty by Wallwork shall be conclusive evidence of due delivery hereof , and further agrees that it shall continue in full force and effect notwithstanding the death or release of or the extension of time to any of the other guarantors, both as to indebtedness then existing and/or thereafter created. Each of the undersigned agrees that this guaranty shall continue in effect not withstanding that from time to time no indebtedness from the Debtor to Wallwork may exist, and that liability upon this guaranty shall be terminated only upon receipt by Wallwork of written notice of revocation or upon receipt of notice of death, and that in either of such events liability hereon shall continue as to indebtedness then existing and as to any and all renewals or extensions thereof made after such events. Each of the undersigned hereby subordinates in favor of Wallwork a claim against the Debtor or in or to any property of the Debtor, to the extent that such claims arise hereafter by reason of payments made upon any item or items of the indebtedness of the Debtor to Wallwork, and each of the undersigned hereby assigns to Wallwork any such claim hereafter arising and authorizes Wallwork to apply any payments thereon upon such item or items of the indebtedness of the Debtor to Wallwork as Wallwork may determine.

The liability of the undersigned shall not be affected or impaired by the existence from time to time of indebtedness from the Debtor to Wallwork in excess of the limit of liability of this guaranty. Any and all payments upon such indebtedness made by the Debtor or by any of the undersigned, or by any other person, and/or the proceeds of any or all collateral or security for any such indebtedness may be applied by Wallwork upon such of the items of such indebtedness as it may determine, whether the same shall be due or not.

This guaranty shall be construed according to the laws of the State of North Dakota, in which state it shall be performed by the undersigned. This guaranty shall be binding upon the undersigned jointly and severally and upon their heirs, legal representatives, successors and assigns, and shall inure to the benefit of Wallwork and its successors and assigns, including bank to whom we may transfer the paper. The acceptance of this guaranty by Wallwork is not intended to and does not release any liability previously existing of any guarantor or surety of any indebtedness or liability of the Debtor to Wallwork.

Date: 05/30/2018
**Guarantor:** Jose A Rosales Jr
**Address:** 1633 Billy Casper Dr
El Paso, Texas 79936

SSN #/TIN #
Signature: _[signed]_

# Guaranty
## (For Commercial Use)

**Wallwork Financial Corporation**

FOR VALUE RECEIVED, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in consideration of credit already given to **Paso Del Norte Materials, LLC** (the "Debtor") by **Wallwork Financial Corporation** ("Wallwork") and at the special instance and request of Wallwork, the undersigned guarantors do hereby jointly and severally unconditionally guarantee the prompt payment when due, whether at the maturity date or dates specified therein or therefore upon acceleration of maturity pursuant to the provisions thereof, of any and all notes, drafts, checks, and all other indebtedness and liabilities of whatsoever nature, due or to become due, direct or indirect, absolute or contingent, joint or several, whether as maker, endorser, guarantor or otherwise, now existing or hereafter arising, heretofore or hereafter purchased or otherwise acquired by Wallwork, and/or at any time owed or contracted by the Debtor to Wallwork (all of such notes, leases, retail or conditional sales contracts or other installment agreements, drafts, checks, other indebtedness and liabilities being hereinafter called "indebtedness") together with any and all expenses of an incidental to collection, including attorneys' fees; provided, however, that the limit of liability hereon shall not exceed the sum of **EACH AND EVERY DEBT, LIABILITY AND OBLIGATION NOW OWED OR HEREAFTER OWED TO Wallwork Financial Corporation** Dollars($UNLIMITED) plus expenses of collection, attorney's fees and accrued interest to date of payment.

This guaranty is an absolute and completed one and shall be a continuing one and no notice of any indebtedness already of hereafter contracted or acquired by Wallwork, or of any renewal or extension of any thereof need be given to the undersigned or any of them. Each of the undersigned hereby expressly waives demand, presentment, protest and notice of dishonor on any and all forms of such indebtedness and also notice of acceptance of this guaranty.

Wallwork is expressly authorized to forward or deliver any or all collateral and security which may at any time be placed with it by the Debtor or any of the undersigned, or any other person, for collection and remittance or for credit, or to collect the same in any other manner and to exchange or surrender with or without consideration any or all of such collateral and security without notice to any of the undersigned and without in any manner affecting the absolute liability of any of the undersigned hereunder. The liability of each of the undersigned hereunder shall not be affected or impaired by any failure, neglect or omission on the part of Wallwork to realize upon any such indebtedness of the Debtor to Wallwork, or upon any collateral or security for any or all such indebtedness, nor by the taking by Wallwork of collateral or security of any kind.

Each of the undersigned acknowledges that this guaranty is in effect and binding without reference to whether it is signed by any other persons, and agrees that possession of this instrument of guaranty by Wallwork shall be conclusive evidence of due delivery hereof, and further agrees that it shall continue in full force and effect notwithstanding the death or release of or the extension of time to any of the other guarantors, both as to indebtedness then existing and/or thereafter created. Each of the undersigned agrees that this guaranty shall continue in effect not withstanding that from time to time no indebtedness from the Debtor to Wallwork may exist, and that liability upon this guaranty shall be terminated only upon receipt by Wallwork of written notice of revocation or upon receipt of notice of death, and that in either of such events liability hereon shall continue as to indebtedness then existing and as to any and all renewals or extensions thereof made after such events. Each of the undersigned hereby subordinates in favor of Wallwork a claim against the Debtor or in or to any property of the Debtor, to the extent that such claims arise hereafter by reason of payments made upon any item or items of the indebtedness of the Debtor to Wallwork, and each of the undersigned hereby assigns to Wallwork any such claim hereafter arising and authorizes Wallwork to apply any payments thereon upon such item or items of the indebtedness of the Debtor to Wallwork as Wallwork may determine.

The liability of the undersigned shall not be affected or impaired by the existence from time to time of indebtedness from the Debtor to Wallwork in excess of the limit of liability of this guaranty. Any and all payments upon such indebtedness made by the Debtor or by any of the undersigned, or by any other person, and/or the proceeds of any or all collateral or security for any such indebtedness may be applied by Wallwork upon such of the items of such indebtedness as it may determine, whether the same shall be due or not.

This guaranty shall be construed according to the laws of the State of North Dakota, in which state it shall be performed by the undersigned. This guaranty shall be binding upon the undersigned jointly and severally and upon their heirs, legal representatives, successors and assigns, and shall inure to the benefit of Wallwork and its successors and assigns, including bank to whom we may transfer the paper. The acceptance of this guaranty by Wallwork is not intended to and does not release any liability previously existing of any guarantor or surety of any indebtedness or liability of the Debtor to Wallwork.

Date: 05/30/2018
Guarantor: J. A. R. Concrete Inc
Address: 8000 Escobar Dr
El Paso, Texas 79907

SSN #/TIN #:
Signature: _____

## Certificate of Authority Tax
## Identification Number

TIN # 74-1670777

The undersigned, hereby certify that I/we am the duly authorized person(s) to make this certification on behalf of J. A. R. Concrete, Inc., (the entity) duly organized under the laws of the state of Texas; that the following is a true, complete and correct copy of resolutions adopted at a meeting of the Board of Directors, Governors, Members, or Partners of said entity duly and properly called and held on the 05/30/2018 pursuant to the governing documents of the Entity; that a quorum was present at said meeting; and that said resolutions are now in full force and effect.

That any one of the persons holding offices of this Entity:
Are authorized: (i) to borrow money and obtain other credit or financial accommodation from Wallwork Financial Corporation for and on behalf of and in the name of the Entity; (ii) to sign, execute and deliver promissory notes, acceptances or other evidences of indebtedness therefore, or in renewal thereof; in amounts and for such time, at rates of interest upon terms as each person(s) may see fit; (iii) to discount, sell, assign, transfer, mortgage, or pledge to Wallwork Financial Corporation the real property, goods, instruments, documents of title, securities, chattel paper, intangibles or any other property now or hereafter owned by the Entity, either absolutely for such consideration as such person(s) may deem to be appropriate or as security for the payment or performance of any debts, liabilities or obligations to Wallwork Financial Corporation; (iv) to unconditionally guarantee payment of any or all rights to payment so transferred or of any other indebtedness owed to Wallwork Financial Corporation by any person(s); and (v) to do such other acts and things, to make such other agreements and to execute and deliver such other contracts or writings, as such person(s) may deem to be appropriate in connection with any of the foregoing.

RESOLVED FURTHER, That the person(s) authorized to sign or borrow money be and are hereby authorized and empowered on behalf of this Entity, to transact any and all other business with Wallwork Financial Corporation which such person(s) may deem to be advisable, including, without limiting the generality of the foregoing, lock-box agreements, night depository agreements, freight payment service agreements and other electronic data processing service agreements, and, to make any and all agreements and execute and deliver to Wallwork Financial Corporation any contracts and other writings which such person(s) may deem to be necessary or desirable.

RESOLVED FURTHER, The names of all persons authorized to act on behalf of the Entity under these resolutions, and shall immediately notify Wallwork Financial Corporation the names of the person(s) then authorized to sign or to act; Wallwork Financial Corporation shall be fully protected in relying on such corporate notification and shall be indemnified and saved harmless from any claims, demands, expenses, loss or damage resulting from honoring or relying on the authority of any person(s) whose name was certified, or refusing to honor any authority not so certified.

RESOLVED FURTHER, that these resolutions shall continue in force until express written notice of their rescission or modification has been furnished to and received by the Wallwork Financial Corporation.

RESOLVED FURTHER, that any and all transactions with Wallwork Financial Corporation prior to the adoption of this resolution are in all respects ratified, approved and confirmed.
I/we further certify that the Entity has full power and lawful authority to adopt the foregoing resolutions and to confer the powers therein granted to the person(s) named, and that such person(s) have full power and authority to exercise the same.
I/we further certify that the persons whose names appear below have been duly elected to and now hold the position in the Entity set opposite their names and that the signatures are authentic.

FURTHER, We acknowledge that we are jointly and severally liable for all debts and obligations incurred pursuant to any authority granted in this Certificate. I/we agree that Wallwork Financial Corporation in dealing with any of the person(s) herein authorized to act need not request but shall be entitled to accept and rely on any representations by such person(s) that the purpose of exercising the authority hereby granted is within the scope of the business of the Entity and Wallwork Financial shall not be obligated to make any inquiries in order to verify or confirm any such representation or to assure that any funds or other property of the Entity are in fact applied or used for any purposes so represented or for any other proper purpose; and Wallwork Financial Corporation shall in no event be responsible or held liable for any misapplication or misuse of any funds or other property of Entity acquired, encumbered or disposed of pursuant to any authority herein granted.
I/we ratify, approve and confirm any and all transactions with Wallwork Financial Corporation done by any officer of the entity or otherwise done on behalf of the Entity; prior to the execution of this Certificate.
Each of us agrees promptly to notify the Wallwork Financial Corporation in the event of the dissolution or termination of the Entity or the occurrence of any other circumstance under which rights and powers hereby granted might be terminated or curtailed or in any other way affected or changed. Notwithstanding any modifications or termination of the rights, authority or power of any officer or any other person(s) named whether by dissolution or termination of the Entity, expiration or modifications of the organizational documents, death or retirement of person(s), addition of any person(s), or for any other reason, and notwithstanding any other notice thereof received by Wallwork Financial Corporation, the terms and provisions of this Certificate, and the authority herein granted, shall be and shall continue to be binding upon the Entity and its successors and assigns and upon each of us individually and upon our heirs, representatives, successors and assigns, until Wallwork Financial Corporation shall have received written notice to the contrary signed by one of us or by a duly authorized agent of one of us.
I/we acknowledge that the rights and authority herein granted are in addition to and not in limitation of the rights, authority or powers otherwise available to any other person(s) by law or agreement.

**Name:** Jose A Rosales Jr      **Title:** President      **Signature:** _____

Certificate of Authority Tax
Identification Number

TIN # 27-1824837

The undersigned, hereby certify that I/we am the duly authorized person(s) to make this certification on behalf of Paso Del Norte Materials, LLC, (the entity) duly organized under the laws of the state of Texas; that the following is a true, complete and correct copy of resolutions adopted at a meeting of the Board of Directors, Governors, Members, or Partners of said entity duly and properly called and held on the 05/30/2018 pursuant to the governing documents of the Entity; that a quorum was present at said meeting; and that said resolutions are now in full force and effect.

That any one of the persons holding offices of this Entity:
Are authorized: (i) to borrow money and obtain other credit or financial accommodation from Wallwork Financial Corporation for and on behalf of and in the name of the Entity; (ii) to sign, execute and deliver promissory notes, acceptances or other evidences of indebtedness therefore, or in renewal thereof, in amounts and for such time, at rates of interest upon terms as each person(s) may see fit; (iii) to discount, sell, assign, transfer, mortgage, or pledge to Wallwork Financial Corporation the real property, goods, instruments, documents of title, securities, chattel paper, intangibles or any other property now or hereafter owned by the Entity, either absolutely for such consideration as such person(s) may deem to be appropriate or as security for the payment or performance of any debts, liabilities or obligations to Wallwork Financial Corporation; (iv) to unconditionally guarantee payment of any or all rights to payment so transferred or of any other indebtedness owed to Wallwork Financial Corporation by any person(s); and (v) to do such other acts and things, to make such other agreements and to execute and deliver such other contracts or writings, as such person(s) may deem to be appropriate in connection with any of the foregoing.

RESOLVED FURTHER, That the person(s) authorized to sign or borrow money be and are hereby authorized and empowered on behalf of this Entity, to transact any and all other business with Wallwork Financial Corporation which such person(s) may deem to be advisable, including, without limiting the generality of the foregoing, lock-box agreements, night depository agreements, freight payment service agreements and other electronic data processing service agreements, and, to make any and all agreements and execute and deliver to Wallwork Financial Corporation any contracts and other writings which such person(s) may deem to be necessary or desirable.

RESOLVED FURTHER, The names of all persons authorized to act on behalf of the Entity under these resolutions, and shall immediately notify Wallwork Financial Corporation the names of the person(s) then authorized to sign or to act; Wallwork Financial Corporation shall be fully protected in relying on such corporate notification and shall be indemnified and saved harmless from any claims, demands, expenses, loss or damage resulting from honoring or relying on the authority of any person(s) whose name was certified, or refusing to honor any authority not so certified.

RESOLVED FURTHER, that these resolutions shall continue in force until express written notice of their rescission or modification has been furnished to and received by the Wallwork Financial Corporation.

RESOLVED FURTHER, that any and all transactions with Wallwork Financial Corporation prior to the adoption of this resolution are in all respects ratified, approved and confirmed.
I/we further certify that the Entity has full power and lawful authority to adopt the foregoing resolutions and to confer the powers therein granted to the person(s) named, and that such person(s) have full power and authority to exercise the same.
I/we further certify that the persons whose names appear below have been duly elected to and now hold the position in the Entity set opposite their names and that the signatures are authentic.

FURTHER, We acknowledge that we are jointly and severally liable for all debts and obligations incurred pursuant to any authority granted in this Certificate. I/we agree that Wallwork Financial Corporation in dealing with any of the person(s) herein authorized to act need not request but shall be entitled to accept and rely on any representations by such person(s) that the purpose of exercising the authority hereby granted is within the scope of the business of the Entity and Wallwork Financial shall not be obligated to make any inquiries in order to verify or confirm any such representation or to assure that any funds or other property of the Entity are in fact applied or used for any purposes so represented or for any other proper purpose; and Wallwork Financial Corporation shall in no event be responsible or held liable for any misapplication or misuse of any funds or other property of Entity acquired, encumbered or disposed of pursuant to any authority herein granted.
I/we ratify, approve and confirm any and all transactions with Wallwork Financial Corporation done by any officer of the entity or otherwise done on behalf of the Entity; prior to the execution of this Certificate.
Each of us agrees promptly to notify the Wallwork Financial Corporation in the event of the dissolution or termination of the Entity or the occurrence of any other circumstance under which rights and powers hereby granted might be terminated or curtailed or in any other way affected or changed. Notwithstanding any modifications or termination of the rights, authority or power of any officer or any other person(s) named whether by dissolution or termination of the Entity, expiration or modifications of the organizational documents, death or retirement of person(s), addition of any person(s), or for any other reason, and notwithstanding any other notice thereof received by Wallwork Financial Corporation, the terms and provisions of this Certificate, and the authority herein granted, shall be and shall continue to be binding upon the Entity and its successors and assigns and upon each of us individually and upon our heirs, representatives, successors and assigns, until Wallwork Financial Corporation shall have received written notice to the contrary signed by one of us or by a duly authorized agent of one of us.
I/we acknowledge that the rights and authority herein granted are in addition to and not in limitation of the rights, authority or powers otherwise available to any other person(s) by law or agreement.

Name: Jose A Rosales Jr          Title: Member          Signature: _____