IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30242-hcm |
| J.A.R. CONCRETE, INC., | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**AGREED ORDER CONDITIONING WALLWORK FINANCIAL'S MOTION FOR RELIEF FROM AUTOMATIC STAY, OR ALTERNATIVELY, MOTION FOR ADEQUATE PROTECTION REGARDING 2013 FORD WATER TRUCK**

On this day, came to be considered the Motion for Relief from Automatic Stay, or Alternatively, Motion for Adequate Protection Regarding 2013 Ford Water Truck filed by Wallwork Financial Corporation ("Wallwork Financial"). The Court finds that, based upon the agreement of the parties and after consideration of the pleadings herein, the following Order should be entered.

**IT IS THEREFORE ORDERED that:**

1.      Wallwork Financial holds a valid and perfected lien on the 2013 Ford F750 Truck With 3000gal Water Tank (the "Vehicle") including proceeds, accessions, and other appurtenant

property described in the Combination Note and Security Agreement and by the Vehicle Identification Number below:

| NOTE | EQUIPMENT DESCRIPTION | VIN |
|------|----------------------|-----|
| 14301-001 | 2013 Ford F750 Truck With 3000gal Water Tank | 3FRXF7FA1DV026483 |

2.      The Court finds that the Vehicle has a fair market value of $27,000.00.

3.      As adequate protection, the Debtor shall pay to Wallwork Financial monthly adequate protection payments for the continued use and operation of the Vehicle in the amount of $405.00 per month beginning on April 9th, 2023, and continuing thereafter on the 9th day of each consecutive month until a Chapter 11 Plan is confirmed.

4.      Thereafter, for so long as Wallwork Financial maintains an interest in the Vehicle, Debtor shall maintain current and effective insurance coverage on the Vehicle which lists Wallwork Financial as lienholder or loss payee in the amount of the payoff for the Vehicle, and Debtor shall provide written proof of insurance coverage within seven (7) days upon written request by Wallwork Financial or its counsel directed to Debtor via certified mail and counsel for Debtor via e-mail.

5.      Debtor shall further maintain the Vehicle in good working condition and repair, subject to ordinary wear and tear, as required by the Combination Note and Security Agreement between the Wallwork Financial and Debtor

6.      Should the case be converted to a proceeding under any other Chapter of the Bankruptcy Code, Debtor shall have ten (10) days to bring the obligations with Wallwork Financial to a contractually current status or the stay of actions will automatically terminate without further action by Wallwork Financial or the Court.

7.      Subject to the exceptions set out above, should the Debtor fail to maintain any of these conditions, Wallwork Financial shall provide written notice of such default to the Debtor and

its attorney by certified United States Mail, return receipt requested and e-mail to Debtor's counsel. Debtor shall be entitled to two (2) such notices of default. Upon the occurrence of a third default, no such cure notice will be given and the Debtor will be deemed to have automatically defaulted without cure. If the Debtor fails to cure such default within seven (7) business days of the receipt of such notice by either the Debtor or its attorney, whichever is earlier, or if Debtor commits a third default, then the automatic stay shall immediately terminate without further notice, hearing, or order of this Court and Wallwork Financial shall file a certificate with the Court to evidence the termination of the automatic stay.

8.      The provisions of this Order shall survive the entry of any order converting the Debtor's Chapter 11 case to a Chapter 7 case.

9.      The provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3) are waived and this Agreed Order shall be in full force and effect upon the signature of the Court.

###

Submitted by:

Christopher V. Arisco
Padfield & Stout, LLP
420 Throckmorton, Suite 1210
Fort Worth, Texas 76102
817.338.1616 phone
817.338.1610 facsimile

## **APPROVED AS TO FORM AND SUBSTANCE:**

**Padfield & Stout, LLP**
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610


/s/  Christopher V. Arisco
Mark W. Stout
State Bar I.D. # 24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. # 24064830
carisco@padfieldstout.com

*Attorney for Wallwork Financial*


**E.P. Bud Kirk**
600 Sunland Park Drive,
Building Four, Ste.400
El Paso, Texas 79912
Phone: 915-584-3773
Fax: 915-581-3452


/s/  E.P. Bud Kirk
**E.P. Bud Kirk**
State Bar I.D. # 11508650
budkirk@aol.com

*Attorney for Debtor*