

**The relief described hereinbelow is SO ORDERED.**

**Signed June 01, 2023.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| IN RE: § | |
| J.A.R. CONCRETE, INC. § | CASE NO. 23-30242-hcm |
| Debtor. § | (Chapter 11) |

### ORDER DENYING MOTION FOR RELIEF FROM
### AUTOMATIC STAY BY UNITED STATES FIRE INSURANCE COMPANY AND
### REQUIRING DEBTOR TO FILE MOTION FOR AUTHORITY TO USE CASH COLLATERAL

On May 31, 2023, the Court conducted a hearing on the Motion for Relief From Automatic Stay ("Motion")(dkt# 102) filed by United States Fire Insurance Company ("Surety"). A Response to the Motion ('Response") (dkt# 129) was filed by J.A.R. Concrete, Inc. ("Debtor"), and a Reply in support of the Motion ("Reply") (dkt# 144) was filed by the Surety.

Appearing at the hearing were representatives of the Debtor; counsel for the Debtor; a representative of the Surety; and counsel for the Surety. The Court has considered the Motion, the Response, the Reply, the evidence, and the statements and arguments of counsel. For the reasons stated by the Court on the record at the hearing, the Court finds that: (1) the contract balances due and to become due to the Debtor by obligees on the Bonded Projects (as such term is defined in the Motion) is property of the Debtor's bankruptcy estate under § 541(a) of the Bankruptcy Code and is cash collateral under § 363(a) of the Bankruptcy Code in which the Surety has an interest; (2) the Motion should be denied without prejudice; (3) the Debtor should be required to immediately file a motion seeking authority to use cash collateral under § 363(c)(2) of the Bankruptcy Code; and (4) the following Order should be entered.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion for Relief From Automatic Stay (herein "Motion")(dkt# 102) filed by the Surety is hereby denied without prejudice.

2. By June 7, 2023, the Debtor shall file and serve a Motion for Authority to Use Cash Collateral ("Cash Collateral Motion"). The Cash Collateral Motion should (a) include a proposed cash budget reflecting specific uses of cash collateral by the Debtor for the Bonded Projects and projected revenues from the Bonded Projects; (b) include or be accompanied by a declaration of the Debtor in support of the Cash Collateral Motion that sets forth the number, completion status, estimated cost to complete, and expected revenue from each of the Bonded Projects; (c) offer adequate protection measures to the Surety for use of cash collateral; (c) be accompanied by a proposed interim order authorizing the Debtor's use of cash collateral; and (d) include the date and time of the interim hearing on the Cash Collateral Motion set below.

3. Upon request by the Surety, the Debtor shall provide the Surety with documents and information supporting its proposed uses of cash collateral, projected revenues, and proposed adequate protection. The Debtor and Surety should also cooperate with each other with respect to the Bonded Projects.

4. An interim hearing on the Cash Collateral Motion is hereby set for <u>June 13, 2023, at 11:00 a.m. (MT)</u> in the U. S. Bankruptcy Courtroom, 4th Floor, 511 E. San Antonio Ave., in El Paso, Texas. A final hearing on the Cash Collateral Motion will be set at the interim hearing.

5. Any objections to the interim use of cash collateral sought in the Cash Collateral Motion and the proposed interim order shall be filed and served by June 12, 2023.

# # #