IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30242-HCM |
| J.A.R. CONCRETE, INC. | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |

**THE CITY OF EL PASO'S RESPONSE TO MITSUBISHI HC CAPITAL AMERICA, INC.'S MOTION FOR RELIEF FROM THE AUOMATIC STAY**

TO THE COURT:

Now comes the City of El Paso[1] and files its Response to Mitsubishi HC Capital America, Inc. ("Mitsubishi HC Capital") Motion for Relief from the Automatic (ECF #160) and respectfully represents the following:

1. The City of El Paso is a unit of local government in the State of Texas which possesses the authority under the laws of the State to assess and collect *ad valorem* taxes on real and personal property.

2. The City of El Paso filed its pre-petition secured proof of claim herein for *ad valorem* property taxes assessed against the Debtor's property for tax years 2021 through estimated 2023 in the amount of $790,501.49.

3. The City of El Paso's claim is for business personal property taxes incurred by the Debtor in the ordinary course of business. These taxes are secured by first priority liens pursuant to Texas Property Tax Code §§ 32.01 and 32.05. In pertinent part, §32.01 provides

    (a) **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .
    (b) A tax lien on inventory, furniture, equipment, or their personal property is a lien in

---

[1] The City of El Paso is the collecting agent for all ad valorem tax entities located within the jurisdictional limits of El Paso County, Texas all of which are represented by the undersigned attorneys

1

      solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

(c)     The lien under this section is perfected on attachment and . . . **perfection requires no further action** by the taxing unit.

4. The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5. The City of El Paso does not oppose Mitsubishi HC Capital's Motion for Relief from the Automatic Stay provided the following provisions are included in any order approving said motion:

IT IS FURTHER ORDERED that in the event the automatic stay of § 362(a) is terminated as to Mitsubishi HC Capital, the stay shall also terminate to permit the City of El Paso to exercise all rights and remedies available to it under the Texas Property Tax Code, if any, for the collection of ad valorem taxes owed to it by the Debtor on the property subject to the Motion.

IT IS FURTHER ORDERED that in the event any of the subject property is repossessed and/or sold by or on behalf of Mitsubishi HC Capital, the City of El Paso ad valorem tax lien incident to the subject property shall maintain its priority lien and the City of El Paso shall be paid the prorated amount of ad valorem taxes incident to the subject property from the first sales proceeds generated from the sale of the subject property prior to any disbursement to any other person or entity. The ad valorem tax lien shall attach to the sale proceeds in the

same priority as such lien maintained against the subject property until such time as said taxes are paid.

IT IS FURTHER ORDERED that nothing in this order shall modify in any way the provisions of the Texas Business & Commerce Code. Any notices to be sent to the City of El Paso pursuant to the Texas Business & Commerce Code related to the property subject to the Motion including, but not limited to, Notice of the disposition of the collateral pursuant to Tex. Bus. & Comm. Code §§9.611-9.613, shall be sufficient if transmitted to: Don Stecker, Linebarger Goggan Blair & Sampson, LLP, 112 E. Pecan Street, Suite 2200, San Antonio, Texas 78205.

**WHEREFORE, PREMISES CONSIDERED**, the City of El Paso prays that this Court grant the Mitsubishi HC Capital's Motion for Relief from Stay against Property, subject to the requests of the City of El Paso, and grant it all relief as may be just.

Respectfully submitted,

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP**
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
(210) 225-6763 - *Telephone*
(210) 225-6410 - *Fax*

By: ___/s/ Don Stecker_____
David G. Aelvoet (SBN 00786959)
Don Stecker (SBN 19095300)
Bradley S. Balderrama (SBN 24040464)
Attorney for the City of El Paso

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response of the City of El Paso to Mitsubishi HC Capital's Motion for Relief from the Automatic Stay was served this the 13th day of June, 2023 by Electronic Filing and/or by First Class Mail upon the following:

Debtor:
    J.A.R. Concrete, Inc.
    8000 Escobar Drive
    El Paso, Texas 79907

Attorney for Debtor:
    E.P. Bud Kirk
    600 Sunland Park Drive
    Building Four, Suite 400
    El Paso, Texas 79912

Attorney for Mitsubishi HC Capital:
    Megan M. Adeyemo
    Gordon & Rees
    2200 Ross Avenue, Suite 3700
    Dallas, TX 75201

Subchapter V Trustee:
    Michael G. Colvard
    Martin & Drought, P.C.
    Weston Centre
    112 E. Pecan Street, Suite 1616
    San Antonio, Texas 78205

U.S. Trustee:
    Office of the U.S. Trustee
    615 E. Houston St., Room 533
    San Antonio, Texas 78205-2055

                                                            /s/ Don Stecker
                                                            Don Stecker